## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jamarr D. Miliner,

                Petitioner,       Case No. 16-cv-12783

v.                              Judith E. Levy
                               United States District Judge

Paul Klee,

                               Mag. Judge Mona K. Majzoub
                Respondent.

_____/

## ORDER GRANTING MOTION TO STAY AND HOLD IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS [6] AND ADMINISTRATIVELY CLOSING THE CASE

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Jamarr D. Miliner ("Petitioner") was convicted after a jury trial in the Wayne Circuit Court of second-degree murder. He was sentenced to a term of thirty-five to seventy years' imprisonment. Petitioner's habeas application raises four claims: (1) Petitioner is entitled to be resentenced; (2) the prosecution presented insufficient evidence to sustain the conviction; (3) Petitioner's sentence was based on inaccurate information; and (4) Petitioner's trial counsel was

ineffective for failing to request an involuntary manslaughter jury instruction.

Before the Court is Petitioner's motion to stay the petition (Dkt. 6) so that he can exhaust his state court remedies with respect to his second, third, and fourth claims.

Petitioner indicates that following his conviction and sentence he filed a direct appeal in the Michigan Court of Appeals. His appellate brief raised what is now his first claim. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. *People v. Milner*, No. 315810, 2014 Mich. App. LEXIS 1554, at *1-12 (Mich. Ct. App. Aug. 21, 2014) (*per curiam*). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied the application on March 3, 2015. *People v. Milner*, 497 Mich. 973 (2015). The one-year statute of limitations for filing his federal habeas petition started running ninety days later, on June 1, 2015. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires").

2

Petitioner states that on May 27, 2016, mere days before the statute of limitations expired, he filed a motion for relief from judgment in the trial court raising what now forms his second, third, and fourth habeas claims. The filing of the state post-conviction review proceeding tolls the limitations period. *See* 28 U.S.C. § 2244(d)(2). The trial court denied the motion on July 12, 2016. Petitioner states that he appealed this decision in the Michigan Court of Appeals and that the appeal is still pending. Petitioner requests that his habeas petition be stayed and held in abeyance pending exhaustion of his state court remedies with respect to the claims raised in his post-conviction review proceeding.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans*

*v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*, 228 F.3d at 681). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A federal district court has discretion to stay a petition raising unexhausted claims to allow a petitioner to present those claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner's unexhausted claims do not appear to be plainly meritless, and he does not appear to be engaged in dilatory litigation

tactics.   Petitioner notes that he filed his motion for relief from judgment with only a few days remaining on the one-year statute of limitations.   He asserts that the delay in preparing and filing his motion for relief from judgment was the result of his lack of legal knowledge coupled with his limited access to the prison law library for only four hours per week.   (*See* Dkt. 1.)   Dismissal of this case while Petitioner exhausts his claims could therefore result in a subsequent petition being barred by the one-year statute of.   Thus, the Court exercises its discretion to stay this case while Petitioner exhausts his state remedies.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.   To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose a time limit within which Petitioner must proceed with his state court post-conviction proceedings.  *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).   Thus, the order staying the case is conditioned upon Petitioner diligently pursuing relief in the state courts by pursuing

5

timely appeals of his motion for relief from judgment and then returning to federal court within sixty days of completing the exhaustion of his state post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

For the reasons set forth above, Petitioner's motion to stay (Dkt. 6) is GRANTED. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state post-conviction review proceeding. This tolling is conditioned upon Petitioner timely appealing the denial of his motion for relief from judgment through the Michigan appellate courts and then re-filing his habeas petition—using the case number already assigned to this case—within sixty days after the conclusion of the state court post-conviction proceeding.

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

6

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

IT IS SO ORDERED.

Dated: January 3, 2017          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2017.

                                s/Felicia M. Moses
                                FELICIA M. MOSES
                                Case Manager

7